Chief Justice Robertson
delivered the Opinion of the Court.
Upon the filing of a petition in the Circuit Court of Gallatin, by some of the children of Jemima Castleman, suggesting that she was of unsound mind, and praying for an inquisition respecting that matter, two others of her children — Jacob and David Castleman, having been notified of the proceeding, and appointed by the Court to represent their mother, appeared, and resisted the inquiry.
But an inquest having been directed by the Court, a jury reported that, she was of “unsound mind,” and owned estate of the value of seventy-eight thousand dollars; and, upon the return of the inquisition, the Court overruled an application by Jacob Castleman, to traverse it, and appointed a committee of the person and estate.
Jacob Castleman having appealed, a motion is now made to dismiss the appeal, because, as argued, he has, no right, in his own name, to prosecute it.
As the object is to set aside the inquisition and the appointment of the committee, Jemima Castleman must, for all the purposes of this appeal, be deemed by this Court, upon every question as to parties and the mode of proceeding, a person suœ juris; and the fact that Jacob Castleman was appointed to act for or to assist her, did not make him a party, nor entitle him to an appeal in his own name. There can be no reversal, so far as she may be concerned, unless she ask it. The attempt to traverse the inquisition, though made in his name, may be understood as made by herself, because he was acting for her. But the appeal must be in the name of the party affected, and who alone has a right to complain.
*60 Nor was Jacob Castleman a party in any such sense as would entitle him, on his own account, to appeal.—There was no order to his prejudice, or respecting him personally; and his prospective and contingent interest in the estate, cannot, per se, give him any right to become a party, It does not appear that he has any vested or certain interest in the case.
Not only, therefore, would Jemima Castleman be a necessary appellant, but Jacob Castleman seems to have ho right to be a party here, either as sole or co-appellant.
Wherefore, as the appeal was improvidentially taken, and cannot be sustained in the name of Jacob Castleman, it must be dismissed.